# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# MONROE DIVISION

| | |
|---|---|
| **DEMPSY E. CLOMAN** | **CIVIL ACTION NO. 06-2284** |
| **VS.** | **SECTION P** |
| **WARDEN HARVEY GRIMMER, ET AL.** | **JUDGE JAMES** |
| | **MAGISTRATE JUDGE HAYES** |

## REPORT AND RECOMMENDATION

Before the court is a civil rights complaint (42 U.S.C. §1983) filed *in forma pauperis* by *pro se* plaintiff Dempsy E. Cloman on November 30, 2006. Plaintiff is federal convict in the custody of the Federal Bureau of Prisons. He is incarcerated at the United States Penitentiary, Pollock, Louisiana; however, he complains about incidents that occurred during the period from June – October, 2005, when he was a federal pre-trial detainee at the West Carroll Detention Center (WCDC) in Epps, Louisiana. He names WCDC Wardens Harvey Grimmer and Barbara Russell, Major Hegman, Nurse Bobbie Wise, Captain Parker, Corrections Officer Humes, and Sgt. Johnson as his defendants. He seeks compensatory damages in the amount of $850,000.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court. For the following reasons it is recommended that the complaint be **DENIED** and **DISMISSED WITH PREJUDICE** as frivolous.

### *Statement of the Case*

On June 12, 2005, plaintiff was a federal pre-trial detainee at the WCDC. He was in the

1

legal custody of the United States Marshals Service (USMS) and was being detained awaiting trial on federal criminal charges in the matter entitled *United States of America v. Dempsey Cloman*, No. 3:04-cr-30005. On that date he was working in the kitchen as a trustee despite explicit orders to the contrary from the USMS. While so engaged, plaintiff was assaulted by a Louisiana Department of Corrections inmate who threw a cup of hot coffee into his eyes.

Plaintiff complained of injury to his eyes, but his requests for medical treatment were ignored for approximately one month. The treatment he received at that time was unsatisfactory and he requested additional treatment. On October 5, 2005, he submitted an inmate inquiry form to Warden Russell complaining about the assault and lack of medical care. On the same date Warden Russell replied to his grievance and advised plaintiff that medical treatment must first be approved by plaintiff's legal custodian, the USMS. She further reminded plaintiff that he had not been ordered to work in the kitchen; instead, he had requested the assignment. [doc. 1-1, p. 7, Plaintiff's Exhibit #2] Thereafter he submitted a formal Inmate Grievance complaining that his requests for an eye examination by a physician had been ignored. He also complained that the facility nurse, Nurse Bobby, told insensitive jokes. His grievance was received by the administration on October 10, 2005, and rejected on the same date. [doc. 1-1, p. 6, Plaintiff's Exhibit #1]

*Law and Analysis*

*1. Frivolity Review*

When a prisoner seeks redress from a governmental entity or from an officer or employee of a governmental entity, the court is obliged to evaluate the complaint and dismiss it without service of process, if it is frivolous, malicious, fails to state a claim upon which relief can be

granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A; 28 U.S.C.§1915(e)(2). *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir.1990). A claim is frivolous if it lacks an arguable basis in law or in fact. *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir.1993); *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

A hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n. 4 (5th Cir.1991). A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir.1986).

District courts must construe *in forma pauperis* complaints liberally, particularly in the context of dismissals under § 1915(e)(2)(B), but are given broad discretion in determining when such complaints are frivolous. *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir.1994). A complaint may not be dismissed under § 1915(d)(2)(B) "simply because the court finds the plaintiff's allegations unlikely." *Jolly v. Klein*, 923 F.Supp. 931, 942-43 (S.D.Tex.1996).

A civil rights plaintiff must support his claim(s) with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir.1995). Furthermore, a district court is bound by the allegations in a plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d at 97.

Plaintiff's complaint, while short on details, specifically details his theories of liability with respect to each named defendant. The thoroughness of the complaint convinces the court

that plaintiff need not be afforded the opportunity to amend. Accepting all of plaintiff's allegations as true, the court concludes, for the reasons stated hereinafter, that his claims are frivolous and subject to dismissal *sua sponte.*

## 2. Res Judicata

The doctrine of *res judicata,* or claim preclusion, forecloses re-litigation of claims that were litigated in a prior action. *Allen v. McCurry*, 449 U.S. 90, 94, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980). Four elements must be met for a claim to be barred by *res judicata*: (1) the parties in both the prior suit and current suit must be identical; (2) a court of competent jurisdiction must have rendered the prior judgment; (3) the prior judgment must have been final and on the merits; and (4) the plaintiff must raise the same cause of action in both suits. *Howe v. Vaughan*, 913 F.2d 1138, 1143-44 (5th Cir.1990).

Plaintiff raised the same cause of action against the same defendants in this court in the matter entitled *Dempsey E. Cloman v. Warden Harvey Grimmer, et al.*, Docket Number 3:06-cv-00289.[1] [*Cloman I*] On May 5, 2006, the undersigned authored a Report recommending dismissal of that complaint because, with respect to the failure to protect claim and the medical care claim, plaintiff failed to establish "deliberate indifference." [*Cloman I*, doc. 4] On June 16, 2006, United States District Judge Robert G. James accepted the Report and Recommendation and rendered judgment dismissing Cloman's claims with prejudice and therefore, "on the merits." [*Cloman I,* doc 6] Plaintiff did not appeal, and therefore this judgment is final. In other

---

[1] Plaintiff sought redress for the incident that occurred on June 12, 2005 and for the denial of prompt and appropriate medical care for his eyes thereafter. He named Wardens Grimmer and Russell, Major Hegman, Captain Parker, Sgt. Johnson, Corrections Officer Humes and Nurse Bobbie Wise as his defendants. He prayed for an unspecified amount of compensatory damages for being placed in danger, for pain and suffering, and for medical treatment. See *Cloman I*, at doc. 1.

4

words, the instant complaint involves the same parties and raises identical claims to the previous suit which was dismissed with prejudice and is now a final judgment. Therefore, plaintiff's claims against the defendants Grimmer, Russell, Hegmann, Wise, Parker, Humes and Johnson, should be dismissed as frivolous on the basis of *res judicata*. See *Ali v. Higgs*, 892 F.2d 438 (1990); *Bailey v. Johnson*, 846 F.2d 1019 (5th Cir.1988) (affirming dismissal of case as duplicative and frivolous where the same factual allegations were asserted).

Accordingly

**IT IS RECOMMENDED** that plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous because it is barred by the doctrine of *res judicata*.

**PLAINTIFF IS HEREBY ADVISED that 28 U.S.C. §1915(g) provides:**

**In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner, has on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.**

<u>**SHOULD JUDGE JAMES ADOPT THIS REPORT AND RECOMMENDATION AND ENTER JUDGMENT DISMISSING THESE CLAIMS AS FRIVOLOUS, THIS WILL BE THE THIRD CIVIL SUIT FILED BY PLAINTIFF, WHILE IMPRISONED, WHICH HAS BEEN DISMISSED AS FRIVOLOUS.**</u>[2]

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties

---

[2] See *Dempsey Edward Cloman v. Caldwell Parish Justice System, et al.*, No. 3:04-cv-1554 which was dismissed as frivolous on December 20, 2004; *Dempsey Cloman v. Harvey Grimmer, et al.*, No. 3:06-cv-00289 which was dismissed as frivolous on June 16, 2006.

5

aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See** *Douglass v. United Services Automobile Association,* **79 F.3d 1415 (5th Cir. 1996).**

**THUS DONE AND SIGNED** in Chambers at Monroe, Louisiana, this 18th day of January, 2007.

_____
KAREN L. HAYES
U. S. MAGISTRATE JUDGE